ACCEPTED
01-14-00707-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/18/2015 4:36:02 PM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00707-CV

| | | |
|---|---|---|
| MARINECORP INTERNATIONAL, LTD., | ) | IN THE |
| | ) | |
| Appellant, | ) | FILED IN<br>1st COURT OF APPEALS<br>HOUSTON, TEXAS |
| | ) | |
| v. | ) | FIRST COURT OF APPEALS PM |
| | ) | |
| THE CHOPPER GROUP, LLC, ET AL., | ) | CHRISTOPHER A. PRINE<br>Clerk |
| | ) | |
| Appellees | ) | HOUSTON, TEXAS |

## APPELLANT'S THIRD UNOPPOSED MOTION
## TO EXTEND TIME TO FILE BRIEF

Appellant, Marinecorp International, Ltd., asks the Court to extend the time to file its brief.

### A. INTRODUCTION

1. Appellant is Marinecorp International, Ltd.; Appellees are The Chopper Group, LLC; Backwoods Country Club, LLC; Tony Miller; and Kyle Tones.

2. The Appellees are unopposed to this Motion.

### B. ARGUMENT & AUTHORITIES

3. The Court has authority under Texas Rule of Appellate Procedure 38.6(d) to extend time to file a brief.

4. There appear to be conflicting due dates for the filing of Appellant's brief. Although explained more thoroughly below, these dates are:

> a. The extended deadline of May 28, 2015, accounted for in the Court's Order granting Appellant's Motion to Extend Time to File Brief, dated April 22, 2015; and

> b. Ten (10) days after the date the court reporter files her supplement to the appellate record, as specifically requested in Appellant's Motion to Compel, which Motion was granted by written Order dated May 7, 2015.

1

5. On April 21, 2015, Appellant filed with the Court its Unopposed [Second] Motion to Extend Time to File Brief. In this Motion, Appellant's legal counsel requested an additional 30-days to file Appellant's brief, through and including May 28, 2015, because he had recently had eye surgery which impaired his ability to complete the brief. By Order dated April 22, 2015, the Court granted Appellant's Motion to Extend Time to File Brief, giving Appellant until May 28, 2015, to complete and file its brief.

6. Realizing that Appellant's legal counsel could not complete his client's brief without a complete appellate record, on May 4, 2015, Appellant filed of record in this case its Unopposed Motion to Compel, which related to the court reporter's dilatory efforts in filing with the appeals Court a complete appellate record. More specifically, in the Motion to Compel Appellant complained that the court reporter's transcript is incomplete because it does not contain:

   a. The objections, motions, and rulings that were made at the bench and without the jury hearing such matters;
   b. The numerous motions, arguments, and rulings during the trial but outside the presence of the jury; and
   c. The discussions, motions, arguments, and rulings that took place during the jury charge conference outside the presence of the jury.

See Appellant's Unopposed Motion to Compel, attached as **Exhibit "1."**

7. It is important to note that at Section 7 of the subject Motion to Compel, Appellant states, "Once the supplemental transcript is received, Appellant requests an additional 10 days to complete its brief." *Id.* at §7. It is also important to note in the "Prayer" portion of the subject Motion to Compel that Appellant specifically asks the Court "to grant an extension of time to file its brief that is 10 days after the date the court reporter files her supplement." *Id.* at §9.

8. On May 7, 2015, the Court issued its Order granting Appellant's Motion to Compel. See attached **Exhibit "2."** At page 2 of the subject Order, the Court concludes, "We grant the

2

motion." The Court then proceeded to order the court reporters "to file, within 14 days of the date of this order, either an amended reporter's record containing any missing portions of the reporter's record in this case ... or a certification affirming that no additional proceedings, including those listed above, exist." *Id.*

9. Appellant's legal counsel was of the belief that with the Court's granting of Appellant's Motion to Compel, the Court granted said motion in its entirety, which included Appellant's request for "an extension of time to file its brief that is 10 days after the date the court reporter files her supplement."

10. Remaining under the impression that Appellant had 10-days from the date the court reporter filed her supplement to the appellate record, as ordered in the Court's Order granting Motion to Compel [attached Exhibit "2"], Appellant's legal counsel continued preparation of Appellant's brief to the extent he could without having available a complete appellate record. Then, to the surprise of Appellant's legal counsel, he received an email from the Court dated June 16, 2015, advising him that "The time for filing the APPELLANT'S brief has expired." See attached Notice of Late Brief, **Exhibit "3."**

11. Appellant's failure to file its brief by the May 28, 2015, deadline was not due to neglect or conscious indifference. Rather, this occurred because Appellant's legal counsel was under the reasonable belief that with the Court's grant of Appellant's Motion to Compel, the Court had also granted Appellant's specific request in said Motion for "an extension of time to file its brief that is 10 days after the date the court reporter files her supplement" to the appellate record.

12. Appellees have not been significantly injured by Appellant's failure to timely file Appellant's brief. In this regard, it is important to note that while Appellant presently has a draft

of its Brief available, it is not complete because to this date, there is still no complete appellate record available from which the parties can prepare their briefs citing to the Court specific references to the record where error was preserved and where Appellant alleges supporting evidence exists. Without a complete record, Appellant has been required to attempt to prepare its brief in a piecemeal fashion, having to guess and even assume that certain objections and evidence exist in segments of the reporter's record which have never been provided by the court reporter, although specifically requested by the parties. This being said, Appellees have not been prejudiced by Appellant's failure to timely file its brief by the May 28, 2015, deadline because, in the alternative, prejudice would have certainly resulted to Appellees having to try to attempt to respond to a brief that alleges appellate error without ever being provided key references to the record and evidence because the parties have never been provided a complete appellate record. No prejudice exists because to date Appellees have not been required to prepare responsive briefs. Accordingly, Appellant requests that the Court grant it an extension of time to complete and file its brief that is 10 days after the date the court reporter files her supplement to the appellate record, as previously ordered by the Court.

13. Appellant's filing of this response to the Court's Notice of Late Brief is timely, as this response is submitted to the Court within 10 days of the Notice's date of June 16, 2015.

**PRAYER**

For these reasons, Appellant asks the Court to grant an extension of time to file Appellant's Brief to a date that is 10-days after the date the court reporter files her supplement to the appellate record. Alternatively, Appellant asks that the Court order Appellant's brief filed with the Court by a deadline deemed reasonable by the Court.

4

Respectfully submitted,

THE STROTHER LAW FIRM


**/S/ MACON D. STROTHER**
MACON D. STROTHER
State Bar of Texas #19420000
4306 Yoakum Blvd., Suite 560
Houston, Texas 77006
(713) 557-9238
mstrother@strotherlawfirm.com
ATTORNEY FOR APPELLANT,
*MARINECORP INTERNATIONAL, LTD.*


### Certificate of Conference

As required by Texas Rule of Appellate Procedure 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties which are listed below about the merits of this motion with the following results:

Brock C. Akers does not oppose motion

Steven R. Cochell does not oppose motion


_____
MACON D. STROTHER


_____
[Date]

## Certificate of Service

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that on 6/18/15 I served a copy of Appellant's Unopposed Motion to Extend Time to File Brief to the attorneys listed below by electronic service, and that the electronic transmissions were reported as complete. My email address is mstrother@strotherlawfirm.com.

Mr. Brock C. Akers
The Akers Firm
3401 Allen Parkway, Suite 101
Houston, Texas 77019
Telephone 713-877-2500     Facsimile 713-583-8662
Email bca@akersfirm.com
*Attorney for Appellees, The Chopper Group, LLC;
Backwoods Country Club, LLC; and Tony Miller*

Mr. Stephen R. Cochell
The Cochell Law Firm, P.C.
5555 West Loop South, Ste. 200
Bellaire, Texas 77401
Telephone 832-767-1065     Facsimile 832-767-1686
Email srcochell@gmail.com
*Attorney for Appellee Kyle Tones*

By:

_____ personal delivery

_____ mail

_____ commercial delivery service

_____ fax

__✓__ email

_____
MACON D. STROTHER

_____6-18-15_____
[Date]

6